# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN SPEARS,

    Plaintiff,

    v.

EL DORADO COUNTY COURTS, et al.,

    Defendants.

No. 2:16-CV-2655-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (Doc. 1). Plaintiff alleges the El Dorado County Courts, El Dorado County C.P.S., El Dorado County Public Guardian and individuals Joan Barbie, and Ken Barber, violated his rights under the federal constitution and the California state constitution. Specifically, Plaintiff alleges violations of his rights under the due process clause of the Fifth and Fourteenth Amendments, equal protection clause of the Fourteenth Amendment, Eighth Amendment right against cruel and unusual punishment, and his due process, equal protection, and right against cruel and unusual punishment guaranteed by the California constitution.

///

///

///

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims arise out of a series of family law proceedings and events relating to the custody of his children. This Court identifies 7 claims raised in the complaint. (1) Plaintiff alleges the El Dorado County Courts deprived him of due process under the Fifth and

Fourteenth Amendments by failing to provide him with notice of hearings, denying him the ability to appear at his termination of parental rights hearing, denying him the appointment of counsel, and terminating his parental rights without giving him a chance to speak or be heard; (2) Plaintiff alleges the El Dorado County Courts violated his due process and equal protection rights during proceedings that involved certain property interests; (3) Plaintiff asserts that the El Dorado County Courts, El Dorado County, C.P.S., and a non-defendant named Gary Slossberg, violated his equal protection and due process rights by incorrectly preparing court orders, acting outside their jurisdiction, and denying petitioner meaningful access to the court system; (4) Plaintiff alleges the El Dorado County Public Guardian's Office violated his due process rights by holding conservator hearings concerning his son, Brian Jr., without notifying him prior to the hearings, and by denying plaintiff the ability to speak with his son; (5) Plaintiff contends that the alleged constitutional violation committed by the El Dorado County Public Guardian's Office amount to a violation of his Eighth Amendment right against cruel and usual punishment as they caused him "sleepless, tearful nights over the concern about his son;" (6) Plaintiff alleges Joan Barbie violated his equal protection rights under the Fourteenth Amendment by intentionally manipulating reports and ignoring court orders to ensure Plaintiff would not receive fair treatment in court; (7) Plaintiff alleges that the El Dorado County Courts, El Dorado County C.P.S., El Dorado County Public Guardian, Joan Barbie, and Ken Barber violated his equal protection and due process rights, as well as his right against cruel and usual punishment, under the California constitution.

### III. ANALYSIS

**A.** **<u>Federal Claims Against El Dorado County Superior Courts</u>**

Plaintiff's first and second claims in their entirety, and Plaintiff's third claim in part, are against the El Dorado County Superior Courts. The Superior Court for El Dorado County is an arm of the state and thus under the Eleventh Amendment cannot be sued in federal court. *See, e.g.,* <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003) (11th Amendment bars suit against state superior court and its employees); <u>Hyland v. Wonder</u>, 117 F.3d 405, 413 (9th Cir.), *amended,* 127 F.3d 1135 (9th Cir. 1997) (state case law

3

and constitutional provisions make clear that California Superior Court is a state agency); Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir.1995) (California municipal court is arm of state protected from lawsuit by 11th Amendment immunity); Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 & n. 10 (9th Cir.1987) (11th Amendment bars suit against Superior Court of State of California regardless of relief sought). Thus, claims one and two fail to state cognizable claims, and claim three fails to state a cognizable claim as to El Dorado County Superior Courts.

      **B.**      **Federal Claims Against El Dorado County C.P.S. and El Dorado County Public Guardian's Office**

Plaintiff alleges that both the El Dorado County C.P.S. and El Dorado County Public Guardian's Office violated his constitutional rights. "[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. See Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Therefore, a plaintiff must go beyond the respondeat superior theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit, because municipal liability must rest on the actions of the municipality, and not the actions of the employees of the municipality. See Brown, 520 U.S. at 403; Monell, 436 U.S. at 690-91.

"A municipality is responsible for a constitutional violation, …, only when an 'action [taken] pursuant to [an] official municipal policy of some nature' caused the violation." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Even if there is not an explicit policy, a plaintiff may establish municipal liability upon a showing that there is a permanent and well-settled practice by the municipality which gave rise to the alleged constitutional violation. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988). The plaintiff may also establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to train municipal employees adequately. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388-91 (1989).

### 1. El Dorado County C.P.S.

Plaintiff alleges in this third claim that the El Dorado County C.P.S. violated his due process and equal protection rights by denying him contact with his son and improperly placing his son in the custody of his son's mother. This claim does not allege any facts related to a policy, custom, or lack of training by the county agency. Instead, the complaint seems to focus on Plaintiff's challenges to the individual decisions made, in part, by the El Dorado County C.P.S. These allegations, related to such individual decisions, are not sufficient to establish that the alleged constitutional violation was the product of a policy or custom of the El Dorado County C.P.S. See Monell, 436 U.S. at 690-91 (holding plaintiff must go beyond the respondeat superior theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit).

Further, even if Plaintiff could allege facts sufficient to establish municipal liability, this claim would still fail to state a cognizable claim. This section of the complaint challenges the individual decisions of the El Dorado County C.P.S. and reads more like an appeal of Plaintiff's family law matter than an allegation of a constitutional violation. Plaintiff identifies no liberty or property interest that was violated and provides no facts to indicate that he was discriminated against on the basis of a protected class. Because this claim is really a challenge to state court family law proceedings, not a federal constitutional tort claim, it would be impossible to cure via amendment. Thus, the remainder of Plaintiff's third claim related to El Dorado County C.P.S. also fails to state a cognizable claim.

### 2. El Dorado County Public Guardian's Office

Plaintiff alleges, in his fourth claim, that the El Dorado County Public Guardian's Office violated his due process rights under the Fifth and Fourteenth Amendments, and in his fifth claim that the El Dorado County Public Guardian's Office violated his Eighth Amendment right against cruel and unusual punishment. Turning first to Plaintiff's due process claim, Plaintiff contends the El Dorado County Public Guardian's Office violated his due process rights during the conservatorship proceedings related to Petitioner's adult son, Brian Jr. Plaintiff argues he was deprived of due process because he was not notified of the conservatorship proceedings or

5

given information regarding the welfare of his son. Additionally, Plaintiff argues that the El Dorado County Public Guardian's Office erroneously limited his communication with Brian Jr. to letters. This limitation, Plaintiff contends, also amounts to a violation of his due process rights.

Plaintiff does not argue that these alleged due process violations are the result of a policy, custom, or failure to train on the part of the county. Rather, Plaintiff seems to simply argue that these discrete, individual acts, were lone violations of his due process rights. For that reason, Plaintiff has failed to plead sufficient facts to state a claim under the theory of local government or municipal liability. However, even if Plaintiff had argued these alleged violations were a part of a policy or custom, there are insufficient facts to support a due process claim as Plaintiff has failed to identify a liberty or property interest for which protection in sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). In other words, Plaintiff has failed to identify a right, protected by the due process clause, that was violated. Thus, Plaintiff's fourth claim fails. Plaintiff will be provided an opportunity to amend in order to allege sufficient facts to establish municipal liability and to identify a liberty or property interest, conferred by the due process clause, that was violated.

Turning now to Plaintiff's claim alleging a violation of the Eighth Amendment. Plaintiff contends that the alleged violations of his due process rights by the El Dorado County Public Guardian's Office caused Plaintiff severe mental stress and resulted in sleepless, tearful nights over the concern for his son. This, Plaintiff argues, amounts to cruel and unusual punishment in violation of the Eighth Amendment. Because this claim is rooted in the same factual allegations as the due process claim discussed above, it too fails to allege sufficient facts to state a claim under the theory of local government or municipal liability. See Monell, 436 U.S. at 690-91 (holding plaintiff must go beyond the respondeat superior theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit).

Further, even if Plaintiff had alleged sufficient facts to establish municipal liability, his Eighth Amendment claim would still fail to state a claim upon which relief could be granted. The actions outlined by Plaintiff have nothing to do with the imposition of a punishment

6

or the conditions of his confinement.  Rather, they seem to be allegations of harm resulting from the alleged violation of Plaintiff's due process rights.  In other words, this is an argument about damages relating to Plaintiff's due process claim against the El Dorado County Public Guardian's Office, not a separate constitutional tort.  Thus, Plaintiff fails to state a cognizable claim as to the alleged Eighth Amendment violations.

### C. Federal Claim Against Joan Barbie

Plaintiff alleges C.P.S. Officer Joan Barbie violated his equal protection rights under the fourteenth amendment by intentionally manipulating reports, ignoring court orders, and depriving him of fair access to the courts because of racial animus.  Equal protection claims arise when a charge is made that similarly situated individuals are intentionally treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Sufficient facts exist within the complaint to support a colorable equal protection claim against Joan Barbie.

### D. State Law Claims

Plaintiff alleges, in his seventh claim, violations of the California state constitution.  Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions.  "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'"  Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir.1991)).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial,... the state claims should be dismissed as well."  United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Plaintiff's first, second, third, fourth, and fifth claims all fail to state cognizable

claims. For that reason, Plaintiff's only remaining federal claim is the equal protection claim against Joan Barbie. This singular federal claim and the facts supporting it are insufficient for this court to exercise pendent jurisdiction over the state claims against any defendant other than Joan Barbie. Because the only cognizable claim relates to Joan Barbie, it necessarily follows that the only cognizable state claim before this court must arise out of the same facts and circumstances surrounding the allegations against Joan Barnie. Thus, claim seven fails to state a cognizable claim as to the following defendants: the El Dorado County Courts, the El Dorado County C.P.S., the El Dorado County Public Guardian's Office, and Ken Barber.

## IV. AMENDING THE COMPLAINT

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. This means, in practical terms, if Plaintiff files an amended complaint he must not only cure the deficiencies identified in this order, but also reallege the cognizable claim(s) discussed in this Court's order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to state at least one cognizable claim, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such

further orders as are necessary for service of process as to the cognizable claim(s).

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  December 11, 2018

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE