# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SPEARS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EL DORADO COUNTY COURTS, et al.,<br><br>　　　　Defendants. | No. 2:16-CV-2655-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint (ECF No. 15). Plaintiff alleges El Dorado County, El Dorado County Child Protective Services (C.P.S.), El Dorado County Public Guardian and individuals Joan Barbie, Gary Slossberg, and Julie Tingler, violated his rights under the federal Constitution and the California state constitution.[1] Specifically, Plaintiff alleges violations of his rights under the due process clause of the Fifth and Fourteenth Amendments, equal protection clause of the Fourteenth Amendment, Eighth Amendment right against cruel and unusual punishment, and his due process, equal protection, and right against cruel and unusual punishment guaranteed by the California constitution.

---

[1] Plaintiff's original complaint named El Dorado County Courts and Ken Barber as Defendants. Plaintiff's first amended complaint does not name El Dorado County Courts or Ken Barber as Defendants but does list Gary Slossberg and Julie Tingler as Defendants. The Clerk of Court will be instructed to update the docket to reflect this change.

1

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

///
///
///
///

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's claims arise out of a series of family law proceedings and events relating to the custody of his children. The complaint is not well organized and written in a narrative style without clear identification of the specific claims against each Defendant. The Court, however, has identified the following claims against each Defendant.

1. <u>El Dorado County</u>

Plaintiff alleged El Dorado County violated his Fifth and Fourteenth Amendment Due process rights and his Fourteenth Amendment equal protection rights, as well as his Eighth Amendment right against cruel and unusual punishment, by failing to notify him of a hearing terminating his guardianship of his children, having a policy not to transport prisoners to guardianship hearings, and failing to notify him of a dependency hearing. Plaintiff further alleges El Dorado County violated his First Amendment right to access courts through a series of policies that made it difficult to gain access to his family law matters.

2. <u>El Dorado County Child Protective Services</u>

Plaintiff alleges C.P.S. violated his Fourteenth Amendment Due process and Equal Protection rights, as well as his Eighth Amendment right against cruel and unusual punishment, by failing to provide him notice of dependency hearings. Plaintiff also challenges various decision made by CPS related to his children.

3. <u>El Dorado County Public Guardians Office</u>

Plaintiff alleges the Public Guardians Office violated his Fourteenth Amendment due process and equal protection rights, as well as his Eighth Amendment right against cruel and unusual punishment, by failing to give him notice of dependency hearings.

4. <u>Julie Tingler</u>

Plaintiff alleges, his court appointed attorney Julie Tingler was ineffective throughout his family court proceedings.

///
///
///

1                5.    Gary Slossberg

Plaintiff alleges Gary Slossberg violated his rights by making it "impossible" for Plaintiff to protect his son, and for seemingly abiding by county policies, which Plaintiff challenges as unconstitutional.

## III.  ANALYSIS

### A.  Claims Against El Dorado County, El Dorado County C.P.S., and El Dorado County Public Guardian's Office

Plaintiff alleges El Dorado County, El Dorado County CPS, and El Dorado County Public Guardian's Office violated his Fourteenth Amendment due process and equal protection rights, as well as his Eighth Amendment right against cruel and unusual punishment, by failing to notify him of a hearing terminating his guardianship of his children, having a policy not to transport prisoners to guardianship hearings, and failing to notify him of a dependency hearing. Plaintiff further alleges El Dorado County violated his First Amendment right to access courts by implementing a series of policies that made it difficult to gain access to his family law matters.

"[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). A local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. See Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Therefore, a plaintiff must go beyond the respondeat superior theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit, because municipal liability must rest on the actions of the municipality, and not the actions of the employees of the municipality. See Brown, 520 U.S. at 403; Monell, 436 U.S. at 690-91.

"A municipality is responsible for a constitutional violation, …, only when an 'action [taken] pursuant to [an] official municipal policy of some nature' caused the violation." Castro v. Cty. of Los Angeles, 797 F.3d 654, 670 (9th Cir. 2015) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Even if there is not an explicit policy, a plaintiff may

establish municipal liability upon a showing that there is a permanent and well-settled practice by the municipality which gave rise to the alleged constitutional violation. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988). The plaintiff may also establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to train municipal employees adequately. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388-91 (1989). Thus, Plaintiff's above listed claims against El Dorado County, El Dorado County CPS, and El Dorado County Public Guardian's Office can only proceed through the path outlined through Monell and its progeny discussed above.

### 1. Due Process

Turning first to Plaintiff's due process claim. Plaintiff raises a due process claim against El Dorado County, El Dorado County CPS, and El Dorado County Public Guardian's Office. It seems Plaintiff is alleging violations of procedural due process. Specifically, Plaintiff asserts he was denied notice of, and transportation to, guardianship and dependency hearings. Plaintiff's procedural due process claims are sufficient to pass screening.

### 2. Eighth Amendment

Looking to Plaintiff's claims alleging a violation of the Eighth Amendment. Plaintiff contends the alleged violations of his due process rights by El Dorado County, El Dorado County C.P.S., and El Dorado County Public Guardian's Office constitute cruel and usual punishment because the alleged violations resulted in Plaintiff worrying about his son so much that "at times" he was "suicidal." This claim, however, has nothing to do with the imposition of a punishment or the conditions of Plaintiff's confinement. Rather, it seems to be an allegation of harm resulting from the alleged violation of Plaintiff's due process rights. In other words, this is an argument about damages relating to Plaintiff's due process claim against El Dorado County, El Dorado County C.P.S., and El Dorado County Public Guardian's Office, not a separate constitutional tort. Thus, Plaintiff fails to state a cognizable claim as to the alleged Eighth Amendment violations. Amendment of this issue would be futile.

///

///

### 3. Equal Protection

It is entirely unclear what conduct Plaintiff is asserting violated his equal protection rights under the Fourteenth Amendment. Plaintiff uses the term "equal treatment" in section II of his complaint to simply conclude the alleged due process violation also violated his "right to equal treatment." Plaintiff then uses the term in the exact same way in section III to simply conclude the alleged due process violation related to the conservator proceedings also violated his "right to equal treatment." These conclusory statements are insufficient to state a claim under Rule 8. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged).

Additionally, section VI of Plaintiff's complaint is entitled "Dependency Hearing (2nd set) Unequal Treatment/ Due Process." This section of the complaint takes issue with the decisions made by the Defendants related to the custody of Plaintiff's son and the negative effects of that custody on Plaintiff's son. To the extent Plaintiff attempts to raise claims for his son, Plaintiff lacks standing. United States v. Bennett, 147 F.3d 912, 914 (9th Cir.1998). To the extent Plaintiff disagrees with the decisions made by the County and its agencies related to Plaintiff's son's custody and placement, this Court lacks jurisdiction to review the County's decisions on such matters. For these reasons, Plaintiff fails to allege an equal protection claim against El Dorado County, El Dorado County C.P.S., and El Dorado County Public Guardian's Office. Amending this issue would be futile.

### 4. First Amendment – Access to Courts

Prisoners have a First Amendment right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right includes petitioning the government through the prison grievance process. See id. Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from

persons trained in the law." Bounds, 430 U.S. at 828. The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354-55.

Here, Plaintiff seems to claim that he was denied access to courts during his divorce proceedings and family law matters related to his children and assets. These are civil matters that do not relate to a criminal appeal, habeas corpus action, or section 1983 suit. Because the right to access courts is only a right to present these kinds of claim to the court, it cannot be said that the alleged limitations of Plaintiff's access to family court violated his right to access courts. Amendment of this issue would be futile.

**B.    Claim Against Joan Barbie**

Plaintiff alleges C.P.S. Officer Joan Barbie violated his equal protection rights under the Fourteenth Amendment by intentionally manipulating reports, ignoring court orders, and depriving him of fair access to the courts because of racial animus. Equal protection claims arise when a charge is made that similarly situated individuals are intentionally treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race. Washington v. Davis, 426 U.S. 229, 239 (1976). Sufficient facts exist to support a colorable equal protection claim against Joan Barbie.

**C.    Claim Against Gary Slossberg**

Plaintiff alleges Gary Slossberg violated his rights by making it "impossible" for Plaintiff to protect his son, and for implementing what Plaintiff contends are wrongful county policies. However, it is entirely unclear what Defendant Slossberg actually did to violate Plaintiff's rights. The claim(s) against Defendant Slossberg are unclear, conclusory, and

7

completely void of factual support. For that reason, this claim cannot pass screening. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

   **D.     Claim Against Julie Tingler**

Generally, court appointed counsel are not considered state actors for the purposes of section 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law when performing traditional functions as counsel in a criminal proceeding); see also Kirtley v. Rainey, 326 F.3d 1088 (9th Cir. 2003) (private attorney appointed by court as a guardian ad litem does not act under color of law). Nevertheless, a claim can be stated against a public defender (or court appointed attorney) if facts are alleged that would show they conspired with state officials against client interests. See Tower v. Glover, 467 U.S. 914, 923 (1984). Nothing in the immediate complaint raises sufficient allegations of conspiracy between Plaintiff's court appointed counsel and a state official against Plaintiff's interest. Because no claim in the complaint relates to a conspiracy, no conspiracy has been alleged, and no conspiracy seems to exist, amendment to this issue would be futile.

   **E.     State Law Claims**

Plaintiff alleges, in his seventh claim, violations of the California state constitution. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions. "Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is a 'common nucleus of operative fact between the state and federal claims.'" Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (quoting Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir.1991)). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial,... the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Plaintiff states, at the end of his complaint in section VII, "[t]he state law claims are based on all the action mentioned in the previous sections." There are no facts alleged in this section. Further, Plaintiff does not even identify which state law claims he is attempting to assert here. Plaintiff's state law claims fail to meet the federal pleading standard under Rule 8. For that reason, the Court will not exercise supplemental jurisdiction over these claims. Thus, Plaintiff's state law claims cannot proceed.

### IV. AMENDING THE COMPLAINT

Because it may be possible that one of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. This means, in practical terms, if Plaintiff files an amended complaint he must not only cure the deficiencies identified in this order, but also reallege the cognizable claim(s) discussed in this Court's order

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Further, if Plaintiff chooses to amend the complaint, he is reminded that Rule 8 requires a *short* and *plain* statement, clearly alleging how each individual defendant violated his constitutional rights. In other words, Plaintiff must identify the Defendant, state the constitutional right at issue, and provide facts demonstrating how that defendant violated the stated

constitutional right.  The Court will not, for a third time, comb through Plaintiff's narrative statement to identify which Defendant violated which constitutional right.

Plaintiff's complaint contains some claim that can pass screening, some claims with defects that may be cured through amendment, and some claims with defects that cannot be cured through amendment.  Plaintiff, therefore, now has the following choices:

1. Plaintiff may decline to file an amended complaint, in which case the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims identified above; or

2. Plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or

3. Plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to update the docket to remove El Dorado County Courts and Ken Barber as Defendants and to add Gary Slossberg and Julie Tingler as Defendants; and

2. Plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated:  July 16, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE