**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN SPEARS, | No. 2:16-CV-2655-TLN-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| EL DORADO COUNTY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Defendants' motion to dismiss (ECF No. 28); Plaintiff's opposition (ECF No. 29); Defendants' reply (ECF No. 30); Plaintiff's motion for injunctive relief (ECF No. 26); and Plaintiff's motion to amend (ECF No. 31).

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff names five defendants in the operative second amended complaint (ECF No. 19): (1) El Dorado County, (2) El Dorado County Child Protective Services, (3) El Dorado County Public Guardian's Office, (4) Joan Barbie, and (5) Gary Slossberg. See ECF No. 19. Defendant Slossberg has not been served. Plaintiff's claims arise from a series of family law proceedings and events related to the custody of his children.

/ / /

Plaintiff was arrested on April 12, 2012 and sentenced on February 6, 2015.  See ECF No. 19, pg. 12, 17.  Prior to his arrest both he and his estranged wife, Lauren Spears, had custody of their biological children, Brian Jr. and Robert Spears, and were the guardians of Daquan and Verlis Smith.  Id.  Plaintiff contends that, at some point after his arrest, all four children were taken from the home by Child Protective Services and that custody and dependency hearings began.  Id. at 11.  These hearings allegedly took place sometime "between April 2012 and June 2014, and again . . .between July 2012 til January 2014," at which point Lauren Spears lost guardianship.  Id. at 12.  At some time during this process Brian Jr. turned 18 and was transferred to the care of El Dorado County Public Guardian, which continued to hold hearings about Brian Jr.'s conservatorship.  Id. at 13.  Plaintiff alleged that it was the policy of El Dorado County, El Dorado County Child Protective Services, and El Dorado County Public Guardian to not notify inmates of hearings relating to custody, dependency, and conservatorship.  Id. at 11, 13.  Plaintiff states he was not notified of the custody, dependency, or conservatorship hearings until after they had been held.  Id. at 11, 13.

Plaintiff also alleges that it was the policy of El Dorado County to not allow inmates to attend guardianship hearings.  Id. at 11-12.  Plaintiff states that the other involved parties at the hearings, the biological parents of Daquan and Verlis Smith as well as his wife, Ms. Spears, were provided with attorneys while he was not afforded counsel.  Id. at 11.

Defendant Joan Barbie was employed by El Dorado County Child Protective Services and was involved in Plaintiff's youngest biological child, Robert Spears', dependency hearings.  See ECF No. 19, pg. 14-15.  These hearings took place some time after Robert was removed from his mother's custody on July 23, 2012, though the exact date is unclear.  Id. at 14.  The complaint states that the final dependency hearing was in December of 2013.  Id. at 15.

Defendant Barbie's first report stated the children were taken from the home due to Lauren Spears' actions.  See ECF No. 19, pg. 14.  After meeting Plaintiff and learning that Plaintiff was African American, Defendant Barbie altered her report to show that the children had been removed due to arguments and violence, and insinuating the Plaintiff was one of the parties responsible.  Id.  Due to these reports Plaintiff's parental rights were terminated.  Id.

1     Defendant Barbie also failed to forward letters from Plaintiff to Plaintiff's
2 children. See ECF No. 19, pg. 14.  It is unclear when the letters were first sent, however it
3 appears to have happened at some point during the dependency hearings which occurred between
4 July 2012 and December 2013.  Id.  Plaintiff did not discover that the letters were not being
5 forwarded for at least six months after the letters were written.  Id. Plaintiff raised the issue with a
6 judge during a hearing.  Id.  Defendant Barbie claimed it was an oversight and was ordered by the
7 judge to deliver the letters.  Id. at 15-16.  Defendant Barbie did not deliver the letters as directed
8 by court order.  Id. at 16.  Plaintiff states that he was unaware that the letters had still not been
9 forwarded for months, without giving a specific time for when he was made aware the letters still
10 had not been sent.  Id.  Plaintiff learned the letters had not been sent by Defendant Barbie when
11 his son was assigned to a new social worker before the case was closed in December 2013.  Id.
12 Plaintiff alleges this was due to Defendant Barbie's racial animus.  Id.

## II. PROCEDURAL HISTORY

15     Plaintiff filed the original complaint against Ken Barber, Joan Barbie, El Dorado
16 County C.P.S., El Dorado County Courts, and El Dorado County Public Guardian on November
17 8, 2016, alleging multiple constitutional violations.  See ECF No. 1.  On December 11, 2018, the
18 Court granted plaintiff leave to amend the complaint's non-cognizable claims.  See ECF No. 10.
19 On February 8, 2019, Plaintiff filed his first amended complaint, omitting all claims against
20 defendants Ken Barber and the El Dorado County Courts and adding Gary Slossberg and Julie
21 Tingler as defendants.  See ECF No. 15.  The Court granted Plaintiff leave to amend the first
22 amended complaint on July 16, 2019.  See ECF No. 16.  Plaintiff filed his second amended
23 complaint on September 18,2019, omitting all claims against Julie Tingler.  See ECF No. 19. The
24 Court ordered service on the remaining defendants for various claims including: (1) violation of
25 equal protection based on alleged racial animus; and (2) implementation of a policy not to provide
26 prisoners notice of dependency proceedings.  See ECF No. 21.  On February 21, 2020 process
27 directed to defendant Gary Slossberg was returned unexecuted.  See ECF No. 25.  On April 24,
28 2020, defendants, El Dorado County, El Dorado County C.P.S., El Dorado County Public

3

Guardian, and Joan Barbie filed their motion to dismiss. See ECF No. 28. On May 5, 2020, Plaintiff filed his opposition to the motion for summary judgment. See ECF Nos. 29. Finally, the defendants submitted their reply to Plaintiff's opposition on May 12, 2020. See ECF No. 30.

### III. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to Plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, conclusory legal statements that are not supported by factual allegations need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

When a complaint indicates facts that show the claim is barred by the statute of limitations, the complaint has failed to state a claim upon which pleader is entitled to relief, and is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).  "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  Id.

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## IV. DISCUSSION

Defendants argue that Plaintiff's due process claims against El Dorado County, El Dorado County Child Protective Services, and El Dorado County Public Guardian are time barred due to the statute of limitations. See ECF No. 28, pg. 3-4.  Defendants also argue that Plaintiff's equal protection claim against Defendant Barbie is also time barred due to the statute of limitations.  See ECF No. 28, pgs. 3, 5.

///

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."); Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). In California, there is a two-year statute of limitations for personal injury actions such as § 1983 cases. See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004).

State tolling statutes also apply to § 1983 actions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1998). California Code of Civil Procedure § 352.1(a) provides tolling of the statute of limitations for two years when the plaintiff is, at the time the cause of action accrued, an inmate servicing less than a life sentence. See Cal. Code. Civ. P. 352.1(a). This tolling provision applies to all inmates except those sentenced to life without the possibility of parole. See Brooks v. Mercy Hospital, 204 Cal. Rptr.3d 289, 291-92 (Cal. App. 2016) (holding § 352.1(a) is applicable to prisoners serving a sentence of life with the possibility of parole, but the statutory language excludes those sentenced to life without the possibility of parole). Thus, unless an inmate is serving a sentence of life without the possibility of parole, a four-year limitation period applies. This tolling does not apply to inmates in pretrial custody, and only applies to individuals who are serving a term of imprisonment in a state prison. Austin v. Medicis, 21 Cal. App. 5th 577, 597 (2018), reh'g denied (Apr. 11, 2018), review denied (June 13, 2018).[1]

Notwithstanding the application of the forum's state law regarding the statute of limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is "federal law" which "governs when a claim accrues." Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (citing Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994)). "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of

---

[1] Federal courts are obligated to follow state intermediate appellate court decisions when determining state law, if there is no convincing evidence the state supreme court would determine differently. See Ryman v. Sears, Roebuck & Co., 505 F.3d 993, 995 (9th Cir. 2007).

1 action." Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996)); see also TwoRivers v.
2 Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

3       At the outset, the Court finds that plaintiff is not entitled to tolling under §
4 352.1(a), which provides for a two-year tolling period for individuals serving certain sentences at
5 the time the claims accrued.  The earliest incident dates mentioned in the complaint occurred in
6 April of 2012, while the latest dates mentioned occurred in June of 2014.  See ECF No. 19, pg.
7 12.  The Plaintiff was not sentenced until February of 2015.  Id. at 17.  The tolling provisions
8 found in California Civil Procedure Code § 352.1(a) would not apply, as Plaintiff was not an
9 inmate serving a sentence at the time the actions accrued.  As such Plaintiff's claim is subject to
10 the two-year statute of limitations proscribed for personal injury claims found in California Code
11 of Civil Procedure § 335.1.

12       The Court next addresses defendants' specific arguments that plaintiff's due
13 process and equal protection claims are time-barred.

14       **A.**      **Due Process Claims**

15       Plaintiff's due process claims arise from the municipal defendants, El Dorado
16 County, El Dorado County Child Protective Services, and El Dorado County Public Guardian's,
17 alleged failure to provide Plaintiff with notice relating to hearings taking place over an unclear
18 period of time.  See ECF No. 19 pg. 12.  When there are vague or ambiguous facts, they must be
19 resolved in a light most favorable to the Plaintiff.  See Jenkins, 395 U.S. at 421.  The latest date
20 that Plaintiff provides related to these hearings is June of 2014.  See ECF No. 19, pg. 12.  Plaintiff
21 states his wife lost custody in January 2014.  Id.  Plaintiff alleges in the complaint that he
22 received reports in the mail after the hearings occurred informing him that the hearings had taken
23 place.  Id. at 11-12.

24       Plaintiff's original complaint was filed on September 13, 2016.  See ECF No. 1.
25 While plaintiff states that he did not learn of the various hearings until after they had occurred, he
26 states his wife lost custody of their children in January 2014, during a time when other hearings
27 related to custody were taking place.  Through the exercise of reasonable diligence, plaintiff
28 could have and should have made himself aware of decisions being made affecting his children.

1  The Court, therefore, finds that the latest date on which plaintiff's due process claims accrued is
2  June 2014.  Plaintiff's due process claims, filed more than two years later in September 2016, are
3  time-barred.

        **B.**     **Equal Protection Claim**

5        Plaintiff's equal protection claim arises from alleged actions of Defendant Barbie,
6  in altering the contents of a report and ignoring a court order to forward letters due to racial
7  animus.  The alleged actions of Defendant Barbie took place during a series of dependency
8  hearings that Plaintiff indicates began in July of 2012 and ended in December of 2013.  See ECF
9  No. 19, pg. 14.  It is unclear from Plaintiff's complaint when exactly the events at issue occurred.
10       Plaintiff alleges that Defendant Barbie changed the report at some point while the
11 hearings were ongoing, and thus plaintiff would have been aware of the alleged violation prior to
12 the final hearing which took place sometime during December of 2013.  Id.  Plaintiff's equal
13 protection claims, which accrued at the latest in December 2013, are time-barred because this
14 action was filed more than two years later in September 2016.
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## V. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss (ECF No. 28) be granted;

2. Plaintiff's claims be dismissed as time-barred;

4. Plaintiff's motion for injunctive relief (ECF No. 26) be denied as moot;

5. Plaintiff's motion for leave to amend (ECF No. 31) be denied as moot;

6. Defendant Slossberg be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect timely service of process; and

7. This action be dismissed in its entirety without leave to amend and with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 23, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE