**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN SPEARS,<br><br>    Plaintiff,<br><br>    v.<br><br>EL DORADO COUNTY C.P.S., et al.,<br><br>    Defendants. | No. 2:16-CV-2655-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's "request for emergency injunctive relief." ECF No. 26. Plaintiff seeks an order compelling the Superior Court of El Dorado County, the El Dorado County Public Guardian's Office, and the guardian of his son Brian Spears, Jr., to facilitate visitation between Plaintiff and his son. Id. at 1, 3. Plaintiff moves for injunctive relief under Federal Rule of Civil Procedure 65. Id. Because, however, Plaintiff requests this Court do compel a government officer and agency to take an action, the Court construes his motion as a motion for writ of mandamus. The undersigned United States Magistrate Judge recommends denying the petition for a writ of mandamus.

///

///

///

1   Federal courts may issue all necessary, appropriate writs in aid of their jurisdiction.
2   28 U.S.C. § 1651(a). District courts may also issue writs of mandamus to compel officers,
3   employees, and agencies of the United States to undertake a duty owed to a plaintiff. 28 U.S.C. §
4   1361. Federal courts, however, cannot issue writs of mandamus compelling action by a state or its
5   agencies. See, e.g., Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160, 1161–62
6   (9th Cir. 1991) (stating that "to the extent that [petitioner] attempts to obtain a writ in this court to
7   compel a state court to take or refrain from some action, the petitions are frivolous as a matter of
8   law"); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966); Kelley v. Supreme Court, No.: 19-
9   CV-1602-GPC-BLM, 2020 WL 2512191, at *2 (S.D. Ca. May 15, 2020). Federal courts do not
10  have power to direct state officers, state courts, or state judicial officers in the performance of their
11  duties. See Clark, 366 F.3d at 681; Jones v. Phifer, No. 1:20-cv-00755-EPG-HC, 2020 WL
12  4003581, at *1 (E.D. Ca. July 15, 2020); Gougher v. Mnuchin, No. 19-cv-07217-YGR (PR), 2020
13  WL 1914889, at *2 (N.D. Ca. Apr. 20, 2020); Kelley, 2020 WL 2512191, at *2.

14  The Court concludes that mandamus relief is unavailable. Plaintiff requests that this
15  Court direct an officer, agency, and court of the State of California to facilitate visitation between
16  Plaintiff and his son. The Court cannot do so. See, e.g., Clark, 366 F.3d at 681; Kelley, 2020 WL
17  2512191, at *2. The Court lacks power to direct state officers, agencies, or courts in the performing
18  their duties. See, e.g., Demos, 925 F.2d at 1161–62; Gougher, 2020 WL 1914889, at *2

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

The undersigned United States Magistrate Judge recommends that Plaintiff's "request for emergency injunctive relief," construed as a petition for a writ of mandamus, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 27, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3